CHARLIE DAVID PRUITT AND CLARICE PRUITT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pruitt v. Commissioner
Docket Nos. 12863-90, 21986-90
United States Tax Court
T.C. Memo 1991-398; 1991 Tax Ct. Memo LEXIS 427; 62 T.C.M. (CCH) 491; T.C.M. (RIA) 91398; August 14, 1991, Filed *427 Decision will be entered under Rule 155. Charlie David Pruitt and Clarice Pruitt, pro se. Scott D. Anderson, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION These cases were heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Prior to trial these cases were consolidated for trial, briefing, and opinion. Respondent determined the following deficiencies in and additional to petitioners' Federal income taxes: Additions to Tax
Year
Deficiency
§ 6653(a)(1)(A)
§ 6653(a)(1)(B)
1985
$   627.00
--
--
1986
3,411.00
$ 171.00
*
1987
2,998.00
--
--
*428 Concessions having been made by the parties, the issues presented for decision are: (1) Whether the notice of deficiency for 1985 was timely issued; and (2) whether interest on the deficiency to be redetermined for 1987 may be abated in part. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioners resided in Rustburg, Virginia, at the time they filed their petitions. The first issue for decision is whether the notice of deficiency was timely issued for the tax year 1985. Petitioners filed a Form 5213 (Election To Postpone Determination as To Whether the Presumption That an Activity is Engaged in for Profit Applies) on April 14, 1988. On said form petitioners identified the tax year 1985 as the first year in which they engaged in the activity in respect of which they elected to postpone a determination. Petitioners contend that the Form 5213 was filed as a result of incorrect advice given by an Internal Revenue Service employee. In particular, Mrs. Pruitt testified that she went to a local Internal Revenue Service office to obtain a Schedule F. At the office, Mrs. Pruitt claims that one of *429 respondent's employees told her that if she filed a Form 5213 she would be temporarily relieved from audit and allowed an automatic extension. Petitioners claim that they acted on the basis of this advice and that they were never informed that the filing of the Form 5213 would extend the statute of limitations. As a result, they argue that the notice of deficiency for 1985 was issued after the statutory period expired. Section 6501(a) generally provides that respondent may assess deficiencies in income tax within three years after the return is filed. In this case, petitioners timely filed their 1985 return. Accordingly, the period of limitations applicable to the assessment of tax pertaining to petitioners for the year 1985 would expire three years from the return due date of April 15, 1986, see section 6501(b)(1), unless there is an exception which extends the period of limitations. Respondent argues that the period of limitations was in fact extended pursuant to section 183. Section 183 contains one of the exceptions to the general three year statute of limitations found in section 6501(a). In particular, section 183(e) allows a taxpayer to elect to postpone a determination *430 as to whether the presumption that an activity is engaged in for profit applies. Further, section 183(e)(4) provides that the statutory period for assessment of a deficiency attributable to such an activity will not expire before 2 years after the date for filing a return for the last taxable year in the period of years to which the election applies. As noted earlier, petitioners made such an election on April 14, 1988. The election applies to certain horse-related activities in which petitioners have engaged since 1985. Since petitioners were engaged in the breeding and training of horses, the period of years to which the election relates is a 7-year period beginning in 1985, the first year of the activity, and expiring in 1991. Section 183(e)(2). Accordingly, since the date on which a return for 1991 must be filed (without extensions) is April 15, 1992, the time for assessing a deficiency with regard to any of the years which are included in the election was extended 2 years therefrom, or until April 15, 1994. Section 183(e)(4). The notice of deficiency issued to petitioners with respect to their 1985 income tax liability was issued on July 30, 1990. While this date is *431 past the normal 3-year limitations period of section 6501(a), it is well within the April 15, 1994, time frame allowed by section 183(e). Petitioners' argument that they should not be subject to this extension of the period for assessing a deficiency provided by section 183(e) is not persuasive. While petitioners claim that they received advice from an Internal Revenue Service employee concerning Form 5213 which was questionable, they do not offer any other reason why we should disregard the lawful effect of their filing of the election. Further, petitioners have offered no explanation for their failure to read or understand the clear language of the Form 5213 which they filed. While the record only contains the front side of the Form 5213 which petitioners filed, we take judicial notice of that language which is expressed on the back side of the form. Included in the explanations on the back of the Form 5213 is one with the heading, in bold print, "Automatic Extension of Period of Limitations." Following this heading the form explains in detail, and by way of example, the impact that the election will have upon the statute of limitations for issuing a deficiency notice. The *432 language explaining the extension of the period for assessing a deficiency is clear and is contained on the form which petitioners filed. As a result, we find there are no grounds for petitioners' claim that they did not understand the impact of the filing of the election. Therefore, we conclude that the notice of deficiency was timely issued for the year 1985. The last issue for decision is whether interest on the deficiency to be redetermined for 1987 may be abated in part. Petitioners request that a portion of the interest which has accumulated on any deficiency for which they might be liable for the year 1987 be abated. Petitioners' argument is predicated upon activities of respondent which petitioners claim were dilatory in nature. Specifically, petitioners claim that respondent delayed the determination of their liability by refusing to meet with petitioners to discuss and settle the issues in an orderly manner. Generally, this Court has no jurisdiction to determine interest on a deficiency redetermined by it. . However, there are limited circumstances in which we do have jurisdiction over issues involving *433 interest. . This case does not present such limited circumstances, and we do not have jurisdiction over the interest applicable to the deficiency to be computed under Rule 155. Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the amount of the deficiency.↩